IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD** | : | CIVIL ACTION |
| **OF ELECTRICAL WORKERS,** | : | NO. 2:23-cv-4388 |
| **LOCAL 614, AFL-CIO**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **PECO ENERGY COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE**

Plaintiffs IBEW Local 614, AFL-CIO ("Local 614" or "the Union"), Damien Duckrey ("Duckrey"), John Koniewicz ("Koniewicz"), and Joshua Kulchinsky ("Kulchinsky"), by and through its undersigned counsel, Spear Wilderman, P.C., respectfully submit this memorandum of law in opposition to Defendant PECO Energy Company's ("PECO" or "Defendant") Motion to Strike Plaintiffs' Letter Dated January 11, 2024.

I.     **Introduction**

Plaintiffs filed a letter brief on January 11, 2024 in accordance with the Court's instructions. The letter provided supplemental information on the Court's authority to grant the relief sought in this case and advised the Court of the Plaintiffs' failed attempts to initiate settlement negotiations with the Defendant as requested by the Court. The Defendant then filed the instant Motion to Strike, which has no cognizable basis in law.

The Motion to Strike, brought under Federal Rule of Civil Procedure 12(f), must fail because Rule 12(f) motions to strike can only apply to "pleadings," as defined in the Federal

Rules.[1] Motions and other documents, including letter briefs, are not pleadings, and it is widely recognized that a Motion to Strike cannot be granted against non-pleading documents. Therefore, this Court does not have authority under Rule 12(f) to strike the Plaintiffs' letter brief, and even if it did, the Motion would still fail on the merits.

**II.    Background**

On January 4, 2024, the Court heard oral arguments in this case on the Plaintiffs' Motion for Preliminary Injunction and the Defendant's Motion to Dismiss and Motion to Seal. Early in the argument, the Court asked the parties to submit supplemental letters explaining the Court's authority to grant the requested relief and suggested Tuesday as a deadline. However, later in the proceeding, the Court learned that the parties had not yet engaged in discussions to settle the matter outside of court and directed the parties to take a week or so to work out a plan for expediting arbitration, if possible.

Immediately after the hearing, counsel for the Plaintiffs asked counsel for the Company to communicate with their client and come back with an acceptable proposal. Awaiting this response, Plaintiffs were surprised by PECO's late-night filing on Tuesday, January 9th, which appeared contrary to the spirit of the Court's instruction. Plaintiffs understood the Court's highest priority to be that parties turn their focus on a mutual resolution before resuming an antagonistic posture. The Plaintiffs' decision not to file a letter with supplemental information on Tuesday was part of a conscious effort to abide by the Court's instructions, *i.e.* to work out a mutual resolution of the matter with the Company. In the Plaintiffs' view, it would have been against the Court's wishes to

---

[1] Without citing Rule 12(f) directly, Defendant's Motion to Strike rests on a single case that is itself based on Rule 12(f). Defendant does not rely on any other authority in support of its Motion.

make any further argumentative submissions before the parties had at least attempted to confer on the issue of a settlement.

The day after PECO filed its brief, Plaintiffs' counsel sent an email to PECO with a compromise proposal and requested a response by noon the following day. The email made clear that, if PECO could not make a decision on the offer within that time frame, Plaintiffs would accept any indication that PECO was willing to engage in a good faith dialogue. The email further provided that if PECO did not respond, Plaintiffs would be compelled to advise the Court of its unwillingness to negotiate.

Hearing nothing, Plaintiffs filed their own letter brief on January 11, 2024 to provide the supplemental information that the Court originally requested and advise the Court on the unfortunate breakdown in negotiations. It was necessary to include this latter information in the letter in order to avoid any confusion about why Defendant filed a brief on January 9th and Plaintiffs did not. In response to that letter, PECO filed a Motion to Strike on January 12, 2024.

**III.   Argument**

    **A.   Letter briefs are not properly subject to a Motion to Strike**

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pleadings are defined by the Federal Rules as a complaint, answer, counterclaim, answer to crossclaim, third-party complaint, answer to a third-party complaint, or a reply to an answer. Fed. R. Civ. P. 7(a). Any motion paper or other document that is not a pleading as defined in the Federal Rules cannot be subject to a Rule 12(f) Motion to Strike. *Potter v. Newkirk*, No. 17-08478, 2020 U.S. Dist. LEXIS 194033, at *14 (D.N.J. October 20, 2020) ("The cases are legion which set forth the basic principle that a motion to strike

under Rule 12(f) applies only to pleadings, not motions and related documents."); *Dekom v. New York*, No. 12-CV-1318, 2013 U.S. Dist. LEXIS 85360 (E.D.N.Y. June 18, 2013) (Denying plaintiffs' motion to strike a letter brief under Rule 12(f) because letter briefs are not pleadings); *Murphy v. Yates*, No. 05-2552, 2005 U.S. Dist. LEXIS 18553, at *3-4 (E.D. Pa. 2005) ("A motion, such as Defendant's Motion to Dismiss, is not a pleading. Consequently, Rule 12(f) does not apply to Defendants' Motion"); *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008) ("All of Plaintiff's motions to strike are improper because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only.").

Letter briefs self-evidently do not fall under the definition of a "pleading," and as a result, the motion must be denied because Rule 12(f) is not applicable. While PECO elides explicit mention of Rule 12(f) in its argument, the only law that it presents as a basis for its Motion to Strike derives its authority from Rule 12(f) and examines the issue under that framework. *Stewart v. Keystone Real Est. Grp. LP*, No. 4:14-CV-1050, 2015 U.S. Dist. LEXIS 40912 (M.D. Pa. Mar. 31, 2015). Thus, PECO's Motion must be understood as a Rule 12(f) Motion, which is demonstrably inapplicable to a letter brief.

PECO does not provide any other legal support for its contention that the Court has the authority to grant a Motion to Strike. It is the movant who "bears the initial responsibility of informing the district court of the basis for its motion." *Collins v. Kimberly-Clark Pennsylvania, LLC*, 708 Fed. Appx. 48, 52 (3d Cir. 2017), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Even if the Plaintiffs or the Court could hazard a guess as to a legitimate basis for PECO's motion, it is neither the "responsibility nor the role" of the Court to construct legal arguments on behalf of the movant. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). Therefore, PECO's Motion to Strike must be denied.

B.      **Even if a Motion to Strike was proper, it would fail on the merits**

Although an analysis of the merits is unnecessary because the Rule 12(f) Motion to Strike does not apply to the Plaintiffs' letter brief, Defendant would still lose on the merits. In weighing a motion to strike, the Court must be "guided by certain basic principles." *Victor v. Varano*, No. 3:11-cv-2000, 2012 U.S. Dist. LEXIS 118554, at *2 (M.D. Pa. August 22, 2012). A motion to strike is viewed as a "drastic remedy" that is "generally disfavored", *Id.*, and "Courts are reticent to grant them." *Stewart v. Keystone Real Estate Grp. LP*, No. 4:14-CV-1050, 2015 U.S. Dist. LEXIS 40912, at *13 (M.D. Pa. Mar. 31, 2015). The Court should only strike pleadings that are both "'redundant, immaterial, impertinent, or scandalous' and prejudicial to the opposing party." *Id.*, quoting *Ruby v. Davis Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Furthermore, motions to strike are generally denied "unless the material bears no possible relation to the matter at issue." *Miller v. Group Voyagers*, 912 F. Supp. 164, 168 (E.D. Pa. 1996).

In the instances where courts have granted motions to strike, the challenged pleadings are typically "outrageous and wholly inappropriate." *Collura v. City of Philadelphia*, 590 Fed. Appx. 180, 185 (3d Cir. 2014) (Striking a complaint that referred to defendants as "creeps," "scumbags," and "slop."); see also *Stewart* at *14 (Striking the portions of a complaint that reference "criminal drug activity" totally unrelated to the claims at issue.). These outlying cases are a far cry from the measured letter filed by the Plaintiffs, which was a concise, pertinent brief on the issues requested by the Court.

PECO does not allege that the Plaintiffs' letter brief was either "redundant, immaterial, impertinent, or scandalous," nor does it even acknowledge this fundamental element of a Motion to Strike analysis. See Fed. R. Civ. P. 12(f). The only reason that the Company provides for why the Plaintiffs' Letter should be stricken from the record is that it is allegedly "prejudicial," which

is not a standalone basis for granting a Motion to Strike. In any case, Plaintiffs' letter did nothing more than provide legal analysis that was specifically requested by the Court, advise the Court truthfully of the status of negotiations between the parties, and explain the Plaintiffs' good faith intentions with respect to the Court's instructions.

Because Defendant fails to show that Plaintiffs' letter violates any element of Rule 12(f) and fails to show prejudice, in addition to the fact that Rule 12(f) does not apply to letter briefs, the Motion to Strike should be denied.

## IV. Conclusion

Defendant's Motion to Strike must be denied because PECO fails to present a cognizable legal basis for striking Plaintiffs' letter brief. Furthermore, Plaintiffs acted in good faith at all times with respect to the Court and the Defendant, and the letter brief filed on January 11, 2024 was material, relevant, and fairly represented the status of negotiations between the parties. For all the above reasons, the Motion to Strike should be denied. And, as we advised the Court in the letter brief, it unfortunately appears that the parties will be unable to agree to an expedited Arbitration procedure, and will require the Court to rule on Plaintiffs' pending Motion for a Preliminary Injunction.

Respectfully submitted,

**SPEAR WILDERMAN, P.C.**

BY:     /s/Charles T. Joyce
    **CHARLES T. JOYCE**
**I.D. #51254**
**Attorneys for Plaintiff IBEW Local 614**
**230 S. Broad Street, Suite 1650**
**Philadelphia, Pennsylvania 19102**
**(215) 732-0101**
**(215) 732-7790 (Fax)**
**(484) 682-4650 (cell)**

**Dated:**     January 16, 2024

**CERTIFICATE OF SERVICE**

I, CHARLES T. JOYCE, Esquire, counsel for Plaintiffs, hereby certify that on January 16, 2024, a true and correct copy of the Plaintiffs' Response Brief in Opposition to Defendant PECO Energy Company's Motion to Strike was served via ECF on the following counsel of record for Defendant:

Valerie Brown, Esquire
Jessica Linse, Esquire
Holland & Knight, LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103

      /s/Charles T. Joyce
**CHARLES T. JOYCE**
I.D. #51254
**Attorney for Plaintiff IBEW Local 614**
**230 S. Broad Street, Suite 1650**
**Philadelphia, Pennsylvania 19102**
**(215) 732-0101**
**(215) 732-7790 (Fax)**
**(484) 682-4650 (cell)**

**Dated:**     January 16, 2024